## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **UNITED STATES OF AMERICA and STATE OF TEXAS,** ) ) ) | |
| **Plaintiffs,** ) ) ) | |
| **v.** ) ) | **Case No. 3:21-cv-335** |
| **KIRBY INLAND MARINE, LP,** ) ) ) | |
| **Defendant.** ) ) | |

# CONSENT DECREE FOR
# <u>NATURAL RESOURCE DAMAGES</u>

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................... 1

II.    JURISDICTION AND VENUE .................................................................... 3

III.   APPLICABILITY ......................................................................................... 4

IV.   DEFINITIONS ............................................................................................... 5

V.    STATEMENT OF PURPOSE ...................................................................... 8

VI.   PAYMENTS BY THE SETTLING DEFENDANT .................................... 8

VII.  STIPULATED DAMAGES ........................................................................ 10

VIII. TCY OIL SPILL RESTORATION ACCOUNT ...................................... 12

IX.   COVENANTS BY THE PLAINTIFFS ................................................... 13

X.    COVENANTS BY THE SETTLING DEFENDANT ............................. 16

XI.   COSTS ........................................................................................................ 16

XII.  NOTICE ..................................................................................................... 17

XIII. EFFECTIVE DATE AND RETENTION OF JURISDICTION ............ 19

XIV. MODIFICATION ...................................................................................... 19

XV.  TERMINATION ........................................................................................ 20

XVI. OPPORTUNITY FOR PUBLIC PARTICIPATION .............................. 20

XVII.  SIGNATORIES AND SERVICE ........................................................... 20

XVIII. INTEGRATION ...................................................................................... 21

XIX. FINAL JUDGMENT ................................................................................ 21

## I.  __INTRODUCTION__

A.      The United States of America, on behalf of the United States Department of Commerce's National Oceanic and Atmospheric Administration ("NOAA") and the United States Department of the Interior ("DOI") through the United States Fish and Wildlife Service ("FWS") and the National Park Service ("NPS"), jointly with the State of Texas ("State"), appearing through the Office of the Texas Attorney General, on behalf of the Texas General Land Office ("TGLO"), the Texas Commission on Environmental Quality ("TCEQ"), and the Texas Parks and Wildlife Department ("TPWD"), have filed a Complaint against Kirby Inland Marine, LP ("Kirby" or "Settling Defendant") in this Court alleging that Kirby is liable to the United States and the State under Section 1002(a) and (b)(2)(A) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(a) and (b)(2)(A), for damages for injury to, destruction of, loss of, or loss of use of, Natural Resources, resulting from the discharge of oil from Kirby's tank barge into the Houston Ship Channel in March 2014.

B.      The Complaint alleges that on March 22, 2014, oil was discharged from one of Kirby's 300-foot oil barges during a collision with a 585-foot, deep-draft bulk cargo ship, the *M/V Summer Wind*, near the Texas City Y ("TCY") crossing in the Houston Ship Channel. The bow of the cargo ship cut through the hull of one of Kirby's barges and ruptured the barge's storage tanks. Oil discharged from the barge into the waterway and polluted parts of the Ship Channel, Galveston Bay, the Gulf of Mexico, and the Texas coastline. Kirby, the Coast Guard, and the State were involved in the extensive response and cleanup efforts. These events are referred to as the "Incident."

C.      The Complaint further alleges that the oil discharge caused injury to, destruction of, loss of, or loss of use of, Natural Resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and the State.

D.      The Trustees for the Natural Resources alleged to be injured by the Incident include the Secretary of the Department of Commerce, through NOAA, and the Secretary of the Department of the Interior, through FWS and NPS, on behalf of the United States, and TGLO, TCEQ, and TPWD, on behalf of the State (collectively "Trustees"). The federal trustees are authorized to act pursuant to Section 1006(b)(2) of OPA, 33 U.S.C. § 2706(b)(2), Subpart G of the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP") (40 C.F.R. §§ 300.600, *et seq*.) and Executive Order 12580 (3 C.F.R., 1987 Comp. p. 193, 52 Fed. Reg. 2923 (January 23, 1987) as amended by Executive Order 12777 (56 Fed. Reg. 54757 (October 19, 1991)). TGLO, TCEQ, and TPWD are designated as trustees by the Governor of Texas pursuant to Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3), and subpart G of the NCP. Under these authorities, each trustee acts on behalf of the public to seek damages for the injury to, destruction of, or loss of Natural Resources resulting from the discharge of oil into the environment. The United States and the State are coordinating injury assessment and Restoration efforts.

E.      Following the Incident, the Trustees and Kirby entered into a Memorandum of Agreement to conduct a cooperative Natural Resources Damage Assessment. The Trustees and Kirby worked collaboratively to, among other things, identify information necessary to evaluate the potential impacts from the Incident to Natural Resources (focusing primarily on injuries to shoreline, birds, marine mammals, and human use) and identify potential actions to restore affected Natural Resources. As part of that cooperative process, Kirby has been timely reimbursing the Trustees for their past assessment and restoration planning costs.

F.      Based on the Trustees' work to assess the injuries in this case and experience with restoration efforts throughout the region, the Trustees believe the amount to be paid by the Settling Defendant as set forth in this Consent Decree constitutes adequate and reasonable compensation for Natural Resource Damages arising from the Incident.

G.      Kirby neither admits nor denies the allegations in the Complaint and does not admit liability to the Plaintiffs arising out of the transactions or occurrences alleged in the Complaint.

H.      Kirby previously paid the oil spill removal costs for the Incident billed by the Coast Guard and the State. Kirby resolved Clean Water Act civil penalty claims of the United States by payment of civil penalties in Case No. 3:16-cv-269 (S.D. Tex.). Kirby previously paid administrative penalties assessed against it by the Texas General Land Office under the Texas Oil Spill Prevention and Response Act, TGLO Agreed Order for Spill No. 2014-0881 (effective March 26, 2015).

I.      The Parties agree, and the Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith, that it is intended to avoid potentially prolonged and complicated litigation among the Parties and expedite natural resource Restoration actions to be performed by the Trustees, and that it is fair, reasonable, in the public interest, and consistent with the purposes of OPA.

THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED AND DECREED as follows:

## II.  <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over the subject matter of this action pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. §§ 1331 and 1345. Venue lies in

3

this District pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. § 1391(b),

because the Settling Defendant resides in this judicial district. The Court also has personal

jurisdiction over the Settling Defendant in connection with this action. For the purposes of this

Consent Decree, and the underlying Complaint, the Settling Defendant waives all objections and

defenses that it may have to jurisdiction of the Court or to venue in this District. The Settling

Defendant agrees that it will not challenge this Court's jurisdiction to enter and enforce this

Consent Decree.

2.      For purposes of this Consent Decree, the Settling Defendant agrees that the

Complaint states claims upon which relief may be granted pursuant to Section 1002(a) and

(b)(2)(A) of OPA, 33 U.S.C. § 2702 (a) and (b)(2)(A).

### III. <u>APPLICABILITY</u>

3.      This Consent Decree applies to and is binding upon: the United States, on behalf

of NOAA, FWS, and NPS as designated federal trustees for Natural Resources, including those

Natural Resources at, in the vicinity of, or affected by the Incident; the State, on behalf of

TGLO, TCEQ, and TPWD, which are the designated State trustees for Natural Resources,

including those Natural Resources at, in the vicinity of, or affected by the Incident; and, the

Settling Defendant, including, without limitation, its successors, assigns, or other entities or

persons otherwise bound by law.

4.      Any change in ownership or corporate status of the Settling Defendant including,

but not limited to, any transfer of assets or real or personal property, shall in no way alter the

Settling Defendant's rights or responsibilities under this Consent Decree. In any action to

enforce this Consent Decree, the Settling Defendant shall not raise as a defense the failure by any

of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## IV. **DEFINITIONS**

5.      Unless otherwise expressed herein, terms used in this Consent Decree that are defined in Section 1001 of OPA, 33 U.S.C. § 2701, and in the regulations promulgated under OPA at 15 C.F.R. § 990.30, shall have the meaning assigned to them in OPA or in such regulations. In addition, whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.   "Complaint" shall mean the civil complaint filed in this action by the Plaintiffs.

b.   "Consent Decree" shall mean this Consent Decree.

c.   "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, federal holiday, or State of Texas holiday, the period shall run until the close of business of the next working day.

d.   "DARR Fund" shall mean NOAA's Damage Assessment and Restoration Revolving Fund.

e.   "DOI NRDAR Fund" shall mean DOI's Natural Resource Damage Assessment and Restoration Fund.

f.   "Effective Date" shall mean the date defined in Paragraph 30.

g.   "Future Trustee Costs" shall mean the natural resource restoration planning, implementation, and monitoring oversight costs to be incurred by the Trustees in connection with the Incident, including costs to draft and finalize any Restoration Plan(s), environmental compliance, including permitting, if any, and to implement

and oversee implementation of Restoration as well as administration of general Trustee responsibilities, such as maintaining an administrative record and administratively closing the case. Future Trustee Costs shall include Trustee costs incurred after July 31, 2021.

h. "Incident" shall mean the occurrence described in Section I.B of this Consent Decree, including, but not limited to, the discharge of oil into the Houston Ship Channel from Kirby's barge 27706 beginning on or about March 22, 2014.

i. "Interest" shall be calculated at the rate set forth in 28 U.S.C. § 1961.

j. "Natural Resources" shall have the meaning provided in Section 1001(20) of OPA, 33 U.S.C. § 2701(20).

k. "Natural Resource Damages" shall mean the damages described at Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A).

l. "Natural Resource Damage Assessment" shall mean the process of collecting, compiling, and analyzing information, statistics, or data through prescribed methodologies to determine damages for injuries to Natural Resources.

m. "OPA" shall mean the Oil Pollution Act of 1990, Pub. L. No. 101-380, 104 Stat. 484, 33 U.S.C. §§ 2701-2761.

n. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral.

o. "Parties" or "Party" (as applicable in the singular) shall mean the United States, the State of Texas, and the Settling Defendant.

p.  "Removal Costs" and "Damages" shall have the meanings ascribed to them pursuant to Sections 1001(5), 1001(31), and 1002(b) of OPA, 33 U.S.C. §§ 2701(5), 2701(31), and 2702(b).

q.  "Restore" or "Restoration" shall mean any action or combination of actions to restore, rehabilitate, replace or acquire the equivalent of any Natural Resource and services, including recreational opportunities that were injured, lost, or destroyed as a result of the Incident.

r.  "Restoration Plan" or "Plan" shall mean a plan or plans to be developed by the Trustees in accordance with OPA and its underlying regulations at 15 C.F.R. §§ 990.53 – 990.56.

s.  "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

t.  "Settling Defendant" or "Kirby" shall mean Kirby Inland Marine, LP, along with its successors and assigns.

u.  "State" shall mean the State of Texas.

v.  "State Trustees" shall mean TGLO, TCEQ, and TPWD.

w.  "Subparagraph" shall mean a portion of this Consent Decree identified by a lower case letter.

x.  "TCY Oil Spill Restoration Account" or "Account" shall mean a separate project-numbered account established within the DOI NRDAR Fund, which will be funded by the Settling Defendant in accordance with Section VI (Payments by the Settling Defendant) and maintained by DOI in accordance with Section VIII (TCY Oil Spill Restoration Account).

7

y.  "Trustees" shall mean the designated federal and state officials, and their
designees, who act on behalf of the public as trustees for Natural Resources, as
described in Section I, Paragraph D.

z.  "United States" shall mean the United States of America and each department,
agency, and instrumentality of the United States, including the Department of
Commerce and the Department of the Interior.

## V. <u>STATEMENT OF PURPOSE</u>

6.  The mutual objectives of the Parties in entering into this Consent Decree are: (i)
to provide funding by the Settling Defendant to the Trustees to restore, replace, or acquire the
equivalent of the Natural Resources allegedly injured, destroyed, or lost as a result of the
Incident, including funding for planning, implementation, and oversight of the Restoration work
and Future Trustee Costs; (ii) to provide payment by the Settling Defendant to the Trustees to
reimburse unpaid Natural Resource Damage Assessment costs incurred by the Trustees; (iii) to
resolve the Plaintiffs' claims against the Settling Defendant for Natural Resource Damages as
provided herein; and (iv) to avoid potentially costly and time-consuming litigation.

## VI. <u>PAYMENTS BY THE SETTLING DEFENDANT</u>

7.  The Settling Defendant shall make payments totaling $15,334,768.83 to the
Plaintiffs in the manner described in Paragraph 8 below.

8.  The Settling Defendant shall pay for assessment and Restoration planning costs
incurred by the United States and for Trustee-sponsored Natural Resource Restoration projects
and Future Trustee Costs as follows:

a.  Within 30 Days of the Effective Date, the Settling Defendant shall pay a
total of $15,334,768.83 to the United States. Payment shall be made by

FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of

Justice account in accordance with current EFT procedures, referencing the

case number and DOJ Number 90-5-1-1-11096/1. Payment shall be made in

accordance with instructions provided to the Settling Defendant by the

Financial Litigation Unit of the United States Attorney's Office for the

Southern District of Texas following entry of the Consent Decree.

b.  Of the total amount to be paid to the United States by the Settling Defendant

pursuant to Subparagraph 8.a:

i.  As a joint recovery of Natural Resource Damages by the Plaintiffs,

$15,300,000.00 shall be deposited in a segregated sub-account

within the DOI NRDAR Fund to be maintained by DOI for the joint

benefit and use of the Trustees to pay for Trustee-sponsored

Restoration projects and Future Trustee Costs in accordance with

Section VIII;

ii.  Subject to the deduction required by 1994 CJS Appropriations Act,

$34,768.83 shall be deposited in the NOAA DARR Fund, to be

applied to reimburse the last remaining unpaid Natural Resource

Damage Assessment and Restoration planning costs incurred by the

Department of Commerce and NOAA through July 31, 2021.

9.      Kirby previously provided some advance funding to the DOI NRDAR Fund for

activities related to the Incident. Part of the remaining funds provided by Kirby were used to pay

the last remaining unpaid Natural Resource Damage Assessment and Restoration planning costs

incurred by DOI through July 31, 2021 as well as part of the last remaining unpaid Natural

9

Resource Damage Assessment and Restoration planning costs incurred by the Department of Commerce and NOAA through July 31, 2021.

10.     Kirby previously provided some advance funding to the DOI NRDAR Fund for activities related to the Incident. Part of the remaining funds provided by Kirby were used to pay the last remaining unpaid Natural Resource Damage Assessment and Restoration planning costs incurred by TGLO, TCEQ and TPWD through July 31, 2021.

11.     At the time of the payment in Paragraph 8.a, the Settling Defendant shall send written notice of payment and a copy of any transmittal documentation to the Trustees in accordance with Section XII (Notice). The notice shall reflect that the payment is being made for the "Kirby TCY Natural Resource Damages Settlement."

12.     Interest shall be paid by the Settling Defendant on any amounts not paid within the allotted time. If Interest is owed due to late payment under this Section, Interest shall accrue from the date of lodging of this Consent Decree and continue to accrue through the date of full payment. Payment of Interest shall be made in accordance with the instructions provided in Paragraph 8. Payment of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to the Plaintiffs for the Settling Defendant's failure to make timely payments under this Consent Decree including, but not limited to, payment of stipulated damages pursuant to Section VII (Stipulated Damages).

## VII.       STIPULATED DAMAGES

13.     Assessment of Stipulated Damages. The Settling Defendant shall pay stipulated damages for failure to make timely payments ("Noncompliance") in accordance with the deadlines in Section VI (Payments by the Settling Defendant) at the rate of five thousand dollars ($5,000) per Day for each Day of Noncompliance.

a.  Stipulated damages shall begin to accrue on the day after payment is due and continue to accrue until the date of full payment.

b.  Any stipulated damages owed for late payment under Paragraph 8 shall be paid to the United States.

c.  The United States or the State may give the Settling Defendant a written notification that it has failed to make a required payment. Such notice shall describe the Noncompliance and make a demand for the payment of the stipulated damages. However, stipulated damages shall accrue as provided in Paragraph 13.a regardless of whether the Settling Defendant has been notified of a Noncompliance. The Settling Defendant shall pay stipulated damages within 30 Days of written demand for such stipulated damages, as determined by the date of mailing by U.S. Mail or other mail service of the written demand. Failure to notify the Settling Defendant of a Noncompliance does not waive the Plaintiffs' right to collect Interest resulting from the Noncompliance.

d.  If the Settling Defendant fails to pay stipulated damages when due, the United States and the State may institute proceedings to collect the stipulated damages, as well as Interest as provided in Paragraph 13.e.

e.  Interest on Stipulated Damages. The Settling Defendant shall pay Interest on any unpaid stipulated damages, which shall begin to accrue on the 31st Day of the date of mailing of the written demand.

f.  Notwithstanding any other provision of this Section, the United States may, in the unreviewable exercise of its discretion, reduce or waive the stipulated damages owed to it that have accrued pursuant to this Consent Decree. Any such waiver

shall only apply to the stipulated damages identified by the United States in exercising its discretion and shall not affect the right to seek the full amount of stipulated damages due for any other Noncompliance.

g.   Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States and the State to seek any other remedies or sanctions available by virtue of the Settling Defendant's violation of this Consent Decree or of the statutes and regulations upon which it is based.

14.   Payment Instructions for Stipulated Damages. Any stipulated damages payment shall be accompanied by a reference to this Consent Decree, be identified as "Stipulated Damages," and reference the "Kirby TCY Natural Resource Damages Settlement." Notice of payment of a stipulated damages shall be made to the Trustees in the manner specified in Section XII (Notice). Stipulated damages payments to the United States shall be made by FedWire EFT to the U.S. Department of Justice in accordance with written instructions to be provided to the Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the Southern District of Texas. At the time of payment, the Settling Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for stipulated damages owed pursuant to the Consent Decree, and shall reference the case name, civil action number, DOJ Number 90-5-1-1-11096/1, and the Noncompliance for which the stipulated damages are being paid to the United States, in accordance with Section XII (Notice).

## VIII.   TCY OIL SPILL RESTORATION ACCOUNT

15.   Upon receipt of the monies pursuant to Paragraph 8.b.i, DOI will place the monies in a project-specific account within the DOI NRDAR Fund to allow the monies to be

maintained as a segregated account within the Fund. All monies deposited in the TCY Oil Spill Restoration Account in accordance with this Paragraph shall be held in the Account solely for use by the Trustees to jointly plan, implement, oversee, and monitor the Restoration of injuries to Natural Resources resulting from the Incident and for Future Trustee costs.

16.     The Trustees commit to the expenditure of the monies set forth in Paragraph 8.b.i for the planning, design, implementation, permitting (as necessary), monitoring, and oversight of Restoration projects and for the costs of complying with the requirements of the law to conduct a Restoration planning and implementation process. The Trustees will use the monies to restore, rehabilitate, replace, or acquire the equivalent of any Natural Resource and its services injured, lost, or destroyed as a result of the Incident and for Future Trustee costs.

17.     The allocation of monies for specific projects or categories of projects and Future Trustee Costs will be contained in a Restoration Plan or Plans prepared jointly by the Trustees, for which public notice, opportunity for public input, and consideration of public comment will be provided, as required under OPA and the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.* ("NEPA"). Once the public review process has been completed, the Trustees will implement the Restoration Plan(s) with any revisions the Trustees may deem appropriate after considering all public comments.

18.     Decisions regarding any use or expenditure of monies under this Section shall be made by the Trustees. The Settling Defendant shall not be entitled to dispute, in any forum or proceeding, any decision relating to use of monies or Restoration efforts under this Section.

## IX. <u>COVENANTS BY THE PLAINTIFFS</u>

19.     In consideration of the payments and actions that have been and will be made by the Settling Defendant under this Consent Decree, and except as otherwise specified in this

Section, the United States and the State covenant not to sue or take administrative action against the Settling Defendant pursuant to Section 1002(a) and (b) of OPA, 33 U.S.C. § 2702(a) and (b), or State law, for Natural Resource Damages resulting from the Incident. This covenant not to sue is conditioned upon receipt by the United States and the State of all payments required by Section VI (Payments by the Settling Defendant) and, as applicable, Section VII (Stipulated Damages). The covenants not to sue extend only to the Settling Defendant and do not extend to any other person.

20.     Reservations of Rights. Notwithstanding any other provision of this Consent Decree, the United States and the State reserve, and this Consent Decree is without prejudice to, all rights against the Settling Defendant with respect to all matters other than those expressly specified in the covenants not to sue set forth in Paragraph 19, including, but not limited to:

a.  Claims against the Settling Defendant for its failure to meet a requirement of this Consent Decree;

b.  Claims against the Settling Defendant for Natural Resource Damages that are not a result of the Incident;

c.  Claims against the Settling Defendant for criminal liability associated with the Incident;

d.  Claims against the Settling Defendant for civil penalties and injunctive relief under the Clean Water Act, or State law, associated with the Incident; and

e.  Claims, other than claims for Natural Resource Damages related to the Incident, against the Settling Defendant that the United States, on behalf of the United States Environmental Protection Agency or the United States Coast Guard, or the

14

State may have under any applicable law, including for recovery of OPA

Removal Costs and Damages.

21.     Special Reservations Regarding Natural Resource Damages. Notwithstanding any

other provision of this Consent Decree, the United States and the State reserve the right to

institute proceedings against the Settling Defendant in this action or in a new action seeking

recovery of Natural Resource Damages based on:

      a.   Conditions caused by the Incident, unknown by the Trustees as of the date of the

          lodging of this Consent Decree, that cause new or additional injury to, destruction

          of, loss of, or loss of use of such Natural Resources; or

      b.   Information received by the Trustees after the date of lodging of this Consent

          Decree indicating that the Incident has resulted in new or significant additional

          injury to, destruction of, loss of, or loss of use of, such Natural Resources which

          injury is of a type that was unknown or a magnitude greater than was known by

          the Trustees as of the date of lodging of this Consent Decree.

22.     Pursuant to 33 U.S.C. § 2715(c), the United States expressly reserves, and the

Settling Defendant expressly acknowledges, the right of the United States to institute

proceedings, to take judgment thereon, and collect such judgment(s) thereon against the Settling

Defendant or any other liable person, to seek and recover Removal Costs and Damages resulting

from the Incident based on claims submitted to or filed against the United States, including

claims against the Oil Spill Liability Trust Fund.

23.     This Consent Decree shall not preclude the United States or the State from

instituting a separate or ancillary action to enforce the terms of this Consent Decree.

24.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. In addition, nothing in this Consent Decree shall limit, enlarge, or otherwise affect, the private rights or claims of any person not a Party to this Consent Decree, except as may be determined otherwise by a court of competent jurisdiction.

## X.     COVENANTS BY THE SETTLING DEFENDANT

25.     The Settling Defendant hereby covenants not to sue and agrees not to assert any claims or causes of action against the United States or the State, and their employees, agents, contractors, departments, agencies, administrations and bureaus arising from the Incident, including, without limitation, any potential or pending claims against the Oil Spill Liability Trust Fund relating to the Incident.

26.     In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, penalties, costs, damages, criminal liability, or other relief relating to the Incident, the Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon a contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 19.

## XI. COSTS

27.     The Plaintiffs shall be entitled to collect from the Settling Defendant the costs (including reasonable attorneys' fees) incurred in any action necessary to collect any portion of

the amounts due under Section VI (Payments by the Settling Defendant), or any stipulated

damages due but not paid under Section VII (Stipulated Damages).

## XII.   <u>NOTICE</u>

28.      Unless otherwise specified herein, whenever notifications, submissions, or

communications are required by this Consent Decree, they shall be made in writing and

addressed to those listed below. All notices under this Section are effective upon receipt, unless

otherwise specified. Except as otherwise provided, notice to a Party by email (if that option is

provided below) or by regular mail in accordance with this Section satisfies any notice

requirement of this Consent Decree regarding such Party.

<u>As to the United States</u>:

<u>For the Department of Justice</u>

EES Case Management Unit
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
eescdcopy.enrd@usdoj.gov
Re: DOJ Number 90-5-1-1-11096/1

<u>For NOAA</u>

National Oceanic and Atmospheric Administration
Office of General Counsel
Natural Resources Section
Attn. Corinna McMackin, Attorney-Advisor
55 Great Republic Drive
Gloucester, MA 01930
corinna.mcmackin@noaa.gov

National Oceanic and Atmospheric Administration
Assessment and Restoration Division
Southeast Regional Office
Attn. Kevin Kirsch, Southeast Branch Chief
263 13th Avenue South
St. Petersburg, FL  33701

kevin.kirsch@noaa.gov

For the Department of the Interior

Amy Horner Hanley
Senior Attorney Advisor
U.S. Department of the Interior
Office of the Solicitor
1849 C Street, N.W.
Washington, DC 20240
amy.hanley@sol.doi.gov

As to the State of Texas and the State Trustees:

For the Office of the Attorney General

David Terry
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
AG# CX7697572606

For TGLO

Angela Sunley
Texas General Land Office
P.O. Box 12873
Austin, Texas 78711-2873

For TCEQ

Mike Cave
Texas Commission on Environmental Quality
P.O. Box 13087, MC-136
Austin, Texas 78711-3087

For TPWD

Johanna Gregory Belssner
Texas Parks and Wildlife Department
4200 Smith School Road
Austin, Texas 78744

As to the Settling Defendant:

Amy Husted

Vice President and General Counsel
Kirby Corporation
55 Waugh Drive, Suite 1000
Houston, Texas  77007
amy.husted@kirbycorp.com

29.     Any Party may, by written notice to other Parties, change its designated notice recipient or notice address provided above.

## XIII.   EFFECTIVE DATE AND RETENTION OF JURISDICTION

30.     This Consent Decree shall take effect upon entry of the Consent Decree by the Court or upon the Court granting a motion to enter this Consent Decree, whichever occurs first as recorded on the Court's docket.

31.     This Court retains jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

## XIV.   MODIFICATION

32.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all Parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only upon approval by the Court.

33.     In any dispute concerning modification of this Consent Decree, the Party seeking modification bears the burden of demonstrating that it is entitled to the modification in accordance with Federal Rule of Civil Procedure 60(b).

## XV.   TERMINATION

34.     This Consent Decree will terminate automatically upon completion of the payments by the Settling Defendant of the amounts required under Section VI (Payments by the Settling Defendant) and payment of any applicable stipulated damages under Section VII (Stipulated Damages).

## XVI.   OPPORTUNITY FOR PUBLIC PARTICIPATION

35.     This Consent Decree shall be lodged with the Court for at least 30 days for public notice and comment.

36.     The United States and the State reserve the right to withdraw or withhold their consent to the Consent Decree if comments received regarding the Consent Decree disclose facts or considerations that indicate the Consent Decree is inappropriate, improper, or inadequate.

37.     The Settling Defendant consents to the entry of this Consent Decree without further notice, and agrees not to withdraw or oppose entry of the Consent Decree or to challenge any provision of the Consent Decree.

38.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII.     SIGNATORIES AND SERVICE

39.     The Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice or designee, the State's Assistant Attorney General for the Environmental Protection Division, and the undersigned representative of the Settling Defendant each certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

20

40.     This Consent Decree may be signed in counterparts and, as executed, shall constitute one agreement, and its validity shall not be challenged on that basis.

41.     The Settling Defendant shall identify, on the attached signature page, the name and address of agents who are authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. The Settling Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. The Settling Defendant need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII. INTEGRATION

42.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied therein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the terms of this Consent Decree.

## XIX.     FINAL JUDGMENT

43.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties for the Natural Resource Damages settled herein.

SO ORDERED THIS _____DAY OF _____, 2022.


_____
UNITED STATES DISTRICT JUDGE

**Signature Page to Consent Decree in *United States, et al. v. Kirby Inland Marine, LP***

**FOR PLAINTIFF THE UNITED STATES OF AMERICA:**

                     TODD KIM
                     Assistant Attorney General
                     Environment and Natural Resources Division
                     United States Department of Justice

November 29, 2021              *s/ Jason T. Barbeau*
                     JASON T. BARBEAU
                     Senior Trial Attorney (D.C. Bar No. 468200)
                     Environmental Enforcement Section
                     Environment and Natural Resources Division
                     United States Department of Justice
                     P.O. Box 7611, Ben Franklin Station
                     Washington, DC 20044
                     (202) 616-8908 (telephone)
                     (202) 616-6584 (facsimile)
                     jason.barbeau@usdoj.gov

                     JENNIFER LOWERY
                     Acting United States Attorney
                     Southern District of Texas

                     DANIEL DAVID HU
                     Chief, Civil Division (Texas Bar No. 10131415)
                     United States Attorney's Office
                     Southern District of Texas
                     1000 Louisiana, Suite 2300
                     Houston, TX  77002
                     Phone: (713) 567-9518
                     E-mail: daniel.hu@usdoj.gov

Signature Page to Consent Decree in *United States, et al. v. Kirby Inland Marine, LP*

**FOR PLAINTIFF THE STATE OF TEXAS ON BEHALF OF STATE TRUSTEES:**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division


*\* s/ David Terry* _____          November 29, 2021
DAVID TERRY                                      Date
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24079447
Southern District Bar No. 3484820
David.Terry@oag.texas.gov

Office of the Attorney General of Texas
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, TX 78711-2548
Telephone: 512-475-4152
Facsimile: 512-320-0911

COUNSEL FOR THE STATE OF TEXAS ON BEHALF OF
THE TEXAS GENERAL LAND OFFICE, THE TEXAS
PARKS AND WILDLIFE DEPARTMENT, AND THE TEXAS
COMMISSION ON ENVIRONMENTAL QUALITY


\* Counsel for the State of Texas provided consent for the placement of his electronic signature on this pleading.

24

**Signature Page to Consent Decree in** *United States, et al. v. Kirby Inland Marine, LP*

**FOR DEFENDANT KIRBY INLAND MARINE, LP:**

October 29, 2021
Date

Amy Husted
Vice President and General Counsel
Kirby Corporation
55 Waugh Drive, Suite 1000
Houston, Texas  77007


Molly Cagle
Patrick Leahy
Baker Botts L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
*Counsel for Kirby Inland Marine, LP*